[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Nicole Seward appeals from her conviction and sentence for receiving stolen property.
On May 1, 1998, Nicole Seward was indicted on one count of receiving stolen property in violation of R.C. 2913.51(A). The stolen property in question was a license plate validation sticker.
A violation of R.C. 2913.51(A) is a misdemeanor of the first degree. Pursuant to division (B) of that section, the offense rises to felony of the fifth degree if the property involved is any of that which is identified in R.C. 2913.71. Division (C) of that section identifies "a motor vehicle identification license plate as prescribed by R.C. 4503.22." Seward filed a motion to dismiss the felony charge, arguing that a validation sticker for a license plate is not a form of property identified by R.C.2913.71. The trial court overruled Seward's motion, holding that a validation sticker is R.C. 2913.71(C) property because a license plate is not valid for use without the validation sticker.
Thereafter, Seward entered a plea of no contest to the receiving stolen property charge and was found guilty by the trial court. On September 15, 1998, the court sentenced Nicole Seward to two years of community control sanctions, which included ten days in the county jail.
Nicole Seward timely appealed to this court from her conviction and sentence. Seward contends in her sole assignment of error that the trial court erred when it construed R.C.2913.71(C) to include a validation sticker for a license plate. We agree. Accordingly, we will reverse the judgment of the trial court and remand this case for further proceedings.
R.C. 4503.22 states:
SPECIFICATIONS FOR LICENSE PLATES
 The identification license plate shall consist of a placard upon the face of which shall appear the distinctive number assigned to the motor vehicle as provided in section 4503.19 of the Revised Code, in Arabic numerals or letters, or both. The dimensions of the numerals or letters and of each stroke shall be determined by the director of public safety. The license placard also shall contain the name of this state and the slogan "BIRTHPLACE OF AVIATION." The placard shall be made of steel and the background shall be treated with a reflective material that shall provide effective and dependable reflective brightness during the service period required of the placard. Specifications for the reflective and other materials and the design of the placard, the county identification stickers as provided by section 4503.19 of the Revised Code, and validation stickers as provided by section 4503.191 of the Revised Code, shall be adopted by the director as rules under sections 119.01 to 119.13 of the Revised Code. The identification license plate of motorized bicycles and of motor vehicles of the type commonly called "motorcycles" shall consist of a single placard, the size of which shall be prescribed by the director. The identification plate of a vehicle registered in accordance with the international registration plan shall contain the word "apportioned." The director may prescribe the type of placard, or means of fastening the placard, or both; the placard or means of fastening may be so designed and constructed as to render difficult the removal of the placard after it has been fastened to a motor vehicle.
The validation sticker, display of which is required by R.C.4503.21, is not among the specifications for license plates provided by R.C. 4503.22, except by reference to the authority conferred on the director of the Bureau of Motor Vehicles by R.C.119.01 to R.C. 119.13 to provide for the sticker's specifications. Nevertheless, the trial court reasoned the validation sticker is merged into the license plate's specifications by operation of R.C. 4503.21 because the plate cannot be used without the sticker.
R.C. 2913.71 elevates a misdemeanor offense to a felony on the basis of the identity of the property involved, not its use. Having thus identified a license plate in division (C) of the section by particular reference to R.C. 4503.22, which does not involve the plate's use, the General Assembly cannot be presumed to have been concerned with the plate's use when it enacted R.C.2913.71(C).
While the question is a close one, we must be guided in our decision by two principles. The first is the canon of construction, expressio unius exclusio alterius, the expression of one thing suggests the exclusion of all others. Thus, the reference to R.C. 4503.22 in R.C. 2913.71(C) suggests that the General Assembly did not intend to include the validation sticker for which R.C. 4503.21 provides when it enacted division (C) of R.C. 2913.71. The second principle is stated in R.C. 2901.04(A): "Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." Therefore, any evident ambiguity in the definition of a "license plate" operates against application of R.C. 2913.71 to elevate Seward's offense to a felony from a misdemeanor.
The foregoing principles cause us to conclude, and hold, that a validation sticker for a license plate is not a form of property which elevates an R.C. 2913.51(A) receiving stolen property offense from a first degree misdemeanor to a fifth degree felony pursuant to R.C. 2913.71(C). Therefore, the trial court erred in holding to the contrary.
The assignment of error is sustained. The judgment of the trial court will be reversed and the case remanded for further proceedings consistent with this opinion.
WOLFF, J., concurs.